Dennis **PERDEW**, Plaintiff–Appellant,

v.

Shaun **VALIANT**, Defendant–Appellee.

No. 00–15630.

D.C. No. CV–98–0569–DWH/RAM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Oct. 30, 2001.

Before POLITZ,* FLETCHER, and
FISHER, Circuit Judges.

## MEMORANDUM **

Dennis W. Perdew appeals the district court's entry of summary judgment in favor of Nevada Highway Patrol Trooper Shaun Valiant. Perdew claimed under Section 1983 that Trooper Valiant violated his constitutional rights by arresting him without probable cause on suspicion of driving under the influence. We affirm.

## BACKGROUND

Trooper Valiant stopped Perdew after observing his car weaving on the highway and crossing into an adjacent lane. Valiant questioned Perdew as to whether he had any medical problems, was taking any medications, was under the care of a physician, or had been drinking. Perdew said no. Valiant observed that Perdew's complexion was flush, a grayish/greenish film coated his tongue, his eyes were red and his pupils reacted slowly to light. Valiant administered a horizontal gaze nystagmus ("HGN") test[1] which Perdew failed; he then administered two standard field sobriety tests, both of which Perdew failed. Perdew then submitted to a field breathalyzer test that returned a negative result for alcohol.

Trooper Valiant then summoned a Drug Recognition Expert ("DRE") to conduct additional tests on Perdew. The DRE found Perdew's blood pressure elevated on two separate readings,[2] and observed that Perdew's eyes were red and glassy, his face was flushed, his coordination was poor, and a green film coated his tongue. The DRE also administered the HGN test and observed a lack of convergence of Perdew's eyes. Based on his observations, the DRE concluded that Perdew had smoked marihuana. Valiant placed Perdew under arrest for suspicion of driving under the influence of alcohol/drugs. Subsequent blood and urine tests conducted at the detention facility showed Perdew's body was devoid of drugs or alcohol at the time of the arrest. Six weeks later, based on these test results, the district attorney dismissed the driving under the influence charge.[3]

Perdew subsequently filed the instant Section 1983 claim alleging that Trooper

---

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In an HGN test, the officer instructs a person to watch and follow the officer's finger. A person fails an HGN test when he exhibits a lack of convergence with both eyes.

2. The first reading was 166/123. Several minutes later, a second reading was 166/106.

3. Perdew received additional citations for failure to have proof of insurance, having expired registration, and failure to maintain travel lane. Upon showing proof of insurance and valid registration at the time of arrest, the district attorney dismissed those charges. The district attorney dismissed the remaining charge for failure to maintain travel lane on the ground that forcing Perdew to travel from his home in Indiana to Nevada to stand trial did not serve the interest of justice.

Valiant violated his constitutional rights by arresting him for driving under the influence without probable cause. Valiant successfully moved for Summary Judgment. Perdew timely appealed.

## ANALYSIS

We review the district court's grant of summary judgment *de novo*.[4] Summary judgment is proper when the moving party shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.[5] The non-moving party may not rest on the mere allegations in the pleadings, but must set forth specific facts showing a genuine issue of material fact for trial.[6] Sufficient evidence must exist such that a reasonable jury could return a verdict for the non-moving party.[7]

On appeal, Perdew contends that genuine issues of material fact remain regarding Trooper Valiant's probable cause to arrest. "Probable cause exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution and prudence in the belief that the defendant is committing or has committed a crime."[8] Based on the facts available to Trooper Valiant, including the information provided by the DRE, at the time of the arrest, we hold that probable cause existed.

In Perdew's opposition to summary judgment, Perdew attacked Trooper Valiant's credibility, attributed his poor performance on the field sobriety tests to unfamiliarity with the movements and lack of physical conditioning, and claimed his under-the-influence-like behavior resulted from driving for an extended period.[9] The record before us is devoid of facts raising a genuine issue of material fact for trial. The district court's grant of summary judgment therefore was proper and it is, accordingly, AFFIRMED.

---

4. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995).

5. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

6. *Anderson,* 477 U.S. at 250.

7. *Id.* at 251.

8. *Kennedy v. Los Angeles Police Dept.,* 901 F.2d 702, 705 (9th Cir.1989) (citation omitted).

9. The record does not show that Perdew conveyed this information to Trooper Valiant at the time of the arrest.

